# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHELLE RIDOLA,<br><br>Plaintiff,<br><br>v.<br><br>BILAL MUHAMMAD,<br><br>Defendant. | Case No. 1:16-cv-01481-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(ECF No. 17)<br><br>FOURTEEN DAY DEADLINE |

Currently before the Court is Plaintiff Rachelle Ridola's motion for default judgment. The matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**BACKGROUND**

Plaintiff is partially paralyzed as result of a brain aneurism and a stroke and requires the use of a wheelchair for mobility. (Compl. ¶¶ 10, ECF No. 1.) On or about August 20, 2016, Plaintiff was visiting her boyfriend's family in the Modesto area and stopped at the Chevron Modesto and Fast and Easy Mart # 101 located at 1400 McHenry Boulevard. (Compl. ¶ 13.) Plaintiff attempted to use the restroom inside of the store and found the restroom door to be blocked by various items. (Compl. ¶ 13.) Plaintiff's boyfriend attempted to open the door for her but was unable to and Plaintiff ended up urinating in her pants. (Compl. ¶ 13.)

Prior to filing the complaint in this action, Plaintiff's legal representative had a CASp-certified access specialist do an informal investigation of Defendant's business and found other

1 access violations, including: parking is not 18 feet deep; parking is not 9 feet wide; parking
2 slopes; access aisle slopes; path of travel from parking to main door slopes; parking sign painted
3 over; no $250 fine on parking sign; no tow away information visible; no directional signage; no
4 clear space in front of water/air station; restroom door has no latch sign. (Compl. ¶ 4.)

On October 3, 2016, Plaintiff filed this action alleging violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq.; California's Disabled Persons Act ("DPA"), Cal. Civ. Code §§ 54 et seq.; and California's Unruh Act, Cal. Civ. Code §§ 51 et seq. (Compl. at pp. 5-9.)

On October 11, 2016, Plaintiff served the complaint and summons by leaving a copy with Bilal Muhammad at 3424 Vintage Dr., Apartment 262, Modesto California. (Proof of Service, ECF No. 4.) Default was entered against Defendant Muhammad on November 14, 2016. (ECF No. 6.) On November 30, 2016, Plaintiff filed a request to continue the scheduling conference and notified the Court that the person served was not the correct Bilal Muhammad. (ECF No. 8.) On December 1, 2016, an order issued continuing the scheduling conference. (ECF No. 9.) On December 7, 2016, Plaintiff served the complaint and summons by leaving a copy with Dar Muhammad, the person in charge of the office, at 1400 McHenry Avenue, Modesto, California. (Proof of Service, ECF No. 10.) The clerk entered default against Defendant Muhammad on January 17, 2017. (ECF No. 12.) On April 18, 2017, Plaintiff filed a motion for default judgment. (ECF No. 17.)

## II.

## LEGAL STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, unless a claim is for a sum certain or a sum that can be made certain by computation, a party must apply to the court for a default judgment. Fed. R. Civ. P. 55(b). Upon entry of default, the complaint's factual allegations regarding liability are taken as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); Garamendi v. Henin, 683 F.3d 1069, 1080 (9th Cir. 2012). However, the complaint's factual allegations relating to the amount of damages are not taken as true. Geddes, 559 F.2d at 560. Accordingly, the amount of damages must be proven at an evidentiary

hearing or through other means. Microsoft Corp. v. Nop, 549 F.Supp.2d 1233, 1236 (E.D. Cal. 2008). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of North America, 980 F.2d 1261, 1267 (9th Cir. 1992). Pursuant to Federal Rule of Civil Procedure 54(c), "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

Entry of default judgment is not a matter of right and it is within the discretion of the court whether default judgment should be entered. Shanghai Automation Instrument Co. v. Kuei, 194 F. Supp. 2d 995, 999 (N.D. Cal. 2001); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The Ninth Circuit has set forth the following factors for the court to consider in exercising its discretion:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72.

### III.

### DISCUSSION

In the current application, Plaintiff seeks default judgment and requests monetary damages and injunctive relief. As discussed below, the Court finds that Plaintiff has failed to state a cognizable claim in this action. Therefore, the Eitel factors weigh against entry of default judgment.

**A. Legal Standards that Apply to Plaintiff's Claims**

1. Americans with Disabilities Act

"An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities ... of any place of public accommodation.'" Chapman v. Pier 1 Imports (U.S.) Inc., 631 F.3d 939, 952 (9th Cir. 2011) (quoting 42 U.S.C. § 12182(a)). As relevant here, discrimination is defined as "a failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

"To recover on a claim for discrimination under the ADA, a plaintiff must prove (1) he or she is disabled within the meaning of the statute, (2) defendants are private entities that own, lease (or lease to), or operate a place of public accommodation, and (3) the plaintiff was denied public accommodations by the defendant because of his or her disability." Rodriguez v. Barrita, Inc., 10 F.Supp.3d 1062, 1072–73 (N.D. Cal. 2014) (citing Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc., 603 F.3d 666, 670 (9th Cir.2010)).

### 2. Unruh Act

The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act also provides that no business shall discriminate against any person due to disability. Cal. Civ. Code § 51.5(a). A violation of the ADA also violates the Unruh Act. Cal. Civ. Code § 51(f).

### 3. California Disabled Persons Act

The DPA provides that "[i]ndividuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places." Cal. Civ. Code § 54(a). The DPA further provides that "[i]ndividuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities . . . places of public accommodation, amusement, or resort, and other places to which the general public is invited. . . and applicable alike to all persons." Cal. Civ. Code § 54.1(a)(1). As with the Unruh Act, a violation of the DPA can be established by a showing a violation of the ADA. See Cal. Civ. Code §§ 54(c), 54.1(d).

### 4. Plaintiff has not alleged facts to show she was denied full and equal access to the property because of her disability

Plaintiff alleges that she is partially paralyzed and requires the use of wheel chair for mobility. (Compl. ¶ 10.) Plaintiff has alleged facts to plead that she is "physically disabled" as

defined by applicable California and federal law. (Id. at ¶¶ 10, 12.) The facility is a public accommodation facility which is open to the public, intended for non-residential use, and its operation affects commerce. (Id. ¶¶ 7, 11.) Further, Plaintiff alleges that Defendant owns, operates, and/or leases the facility and has sufficient control and authority to modify the facility to remove impediments to wheelchair access. (Id. ¶¶ 7, 17, 18.)

However, Plaintiff's complaint fails to demonstrate that she was denied "full and equal" access to the facility. A "barrier" will only amount to interference with a disabled person's access to the facility if it affects the plaintiff's full and equal enjoyment of the facility on account of her particular disability. Chapman, 631 f.3d at 947. Plaintiff visited the property around August 20, 2016, and was unable to get inside the restroom because the door was blocked by various items. (Compl. ¶ 13.) Plaintiff's boyfriend also attempted to open the door and was unable to do so because of the items that were blocking the door. (Compl. ¶ 13.) Therefore, based on the allegations in the complaint, the bathroom was not accessible to anyone.

Since the door to the bathroom could not be opened, Plaintiff was not denied access because of her disability, the bathroom was equally inaccessible to all patrons of the property. Where a barrier affects both disabled and nondisabled patrons alike it is not an ADA violation. Hubbard v. 7-Eleven, Inc., 433 F. Supp. 2d 1134, 1149 (S.D. Cal. 2006). While Plaintiff alleges that after the fact she discovered that there were other violations of the ADA, the complaint contains no factual allegations that Plaintiff encountered any barrier on August 20, 2016 that denied her full and equal access to the property. "Merely listing ADA violations at the defendant's property 'cannot substitute for the factual allegations required in the complaint to satisfy Article III's requirement of an injury-in-fact.' " Advocates for Individuals With Disabilities LLC v. WSA Properties LLC, 210 F.Supp.3d 1213, 1221–22 (D. Ariz. 2016) (quoting Chapman, 631 F.3d at 955). Plaintiff has failed to state a claim for violation of the ADA or any of the state causes of action.

5. The Eitel factors Weigh Against Granting Default Judgment

Since Plaintiff has failed to allege that she was denied access due to her disability, the factors weigh against granting default judgment in this instance. "[F]acts which are not

established by the pleadings of the prevailing party, or claims which are not well-pleaded, are not binding and cannot support the judgment." Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) (finding it error to award default judgment where the complaint was insufficient to state a claim). Accordingly, the Court finds that Plaintiff is not entitled to default judgment and the motion should be denied.

## IV.

## FINDINGS AND RECOMMENDATIONS

The Court finds that Plaintiff has not alleged facts that she was denied full and equal access to Defendant's property due to her disability and has failed to state a cognizable claim in this action.

Based on the foregoing, IT IS HEREBY RECOMMENDED that Plaintiff's motion for entry of default judgment should be DENIED.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 18, 2017**

UNITED STATES MAGISTRATE JUDGE